UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
ALICIA M. CHRISTEN,

                                    Plaintiff,             **MEMORANDUM & ORDER**
                                                          23-cv-2122 (JMA) (SIL)

        -against-

                                                **FILED**
U.S. BANK NATIONAL ASSOCIATION, not in its                  **CLERK**
individual capacity, but solely as owner trustee for
RCF Acquisition Trust,                                3:42 pm, Jul 17, 2024

                                      **U.S. DISTRICT COURT**
                             **EASTERN DISTRICT OF NEW YORK**
                          Defendant.        **LONG ISLAND OFFICE**
--------------------------------------------------------------------X

**AZRACK, United States District Judge:**

     In this action, <u>Pro Se</u> Plaintiff Alicia M. Christensen sues Defendant U.S. Bank National

Association, not in its individual capacity, but solely as Owner Trustee for RCF 2 Acquisition

Trust, seeking equitable recourse based on allegations that Defendant somehow acted improperly

in connection with an underlying foreclosure action filed in state court in 2017.  (<u>See</u> ECF No. 1

("Compl").)  Defendant moves to dismiss Plaintiff's Complaint under Federal Rules of Civil

Procedure 12(b)(1) and 12(b)(6).  (<u>See</u> ECF No. 25.)  Defendant's motion is unopposed.  For the

below reasons, the Court grants Defendant's motion and dismisses Plaintiff's Complaint without

prejudice and with leave to replead.

## I.     BACKGROUND[1]

### A.   <u>Factual Background</u>

     On December 11, 2017, MTGLQ Investors, LP ("MTGLQ") commenced a foreclosure

action against Plaintiff in the Supreme Court of New York (Suffolk County) bearing Index Number

---

[1]     This Memorandum and Order draws its facts from <u>Pro Se</u> Plaintiff's Complaint (ECF No. 1 ("Compl.")); Plaintiff's exhibits attached thereto (<u>see id.</u>); Defendants' Memorandum of Law in Support of their Motion to Dismiss (ECF No. 25-6 ("Def. Mot.")); and the declaration and exhibits attached thereto (<u>see generally</u> ECF No. 25-1–5.)).

623633/2017 ("Foreclosure Action").  (See ECF No. 25-2, Ex. B, ¶ 2 ("Brigandi Decl.").)  The Foreclosure Action stemmed from Plaintiff's December 1, 2013 default under an April 25, 2008, promissory note and mortgage that was executed and secured against property located at 93 Peterson Street, Brentwood, New York ("Property").  (See id.)  On January 11, 2018, Plaintiff filed an Answer to the foreclosure complaint along with counterclaims.  (See id. ¶ 3 (citing ECF No. 25-4, Ex. C ("Foreclosure Action Docket").)

On June 13, 2019, MTGLQ moved for summary judgment.  (See id. ¶ 4.)  Plaintiff opposed.  (See id.)  On December 15, 2020, the court granted summary judgment in MTGLQ's favor.  (See id. ¶ 5 (citing Foreclosure Action Docket).)

MTGLQ then moved for final judgment on May 27, 2022, and Justice Paul M. Hensley entered judgment on August 9, 2022 in the amount of $393,819.22.  (See id. ¶ 6.)  The Order granting Final Judgment also substituted Defendant as the named plaintiff in the Foreclosure Action.  (See id. ¶ 5 (citing ECF No. 25-5, Ex. D ("Final Judgment Order").)  On September 20, 2022, Plaintiff moved to vacate the judgment of foreclosure and sale because a notice of pendency was allegedly not validly on file at least 20 days before entry of the judgment.  (See Foreclosure Action Docket, Docket Items 82–92.)  On January 5, 2023, Justice Hensley denied Plaintiff's motion against Defendant, holding that the judgment of foreclosure and sale was not invalid for lack of a notice of pendency.  (See Foreclosure Action Docket, Docket Item 93.)  Plaintiff did not appeal the judgment or Justice Hensley's decision within the 30 days allowed under New York State law.  (See generally Foreclosure Action Docket.)  On March 22, 2023, the Property was sold at foreclosure sale to Defendant.  (See Compl. ¶ 7.)

## B.    **Procedural History**

Plaintiff filed this action on March 20, 2023.  (See Compl.)  Plaintiff's Complaint does not assert a cause of action against Defendant; rather, the Complaint appears to seek equitable recourse

based on actions allegedly taken against her and her property in the Foreclosure Action in state court.  (See generally id.)  Plaintiff provides no details about why she believes the actions taken against her in state court were unlawful or inequitable, nor why she believes the mortgage at issue is invalid. (See generally id.)

On March 28, 2023, Defendant filed a letter motion for a pre-motion conference seeking leave to move to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (See ECF No. 7.)  On April 6, 2023, this Court filed an electronic order directing Plaintiff to file a response to Defendant's pre-motion letter by April 11, 2023.  (See Elec. Order dated April 6, 2023.)  On April 10, 2023, AMC Revocable Trust, appearing as Attorney-In-Fact in the place of Plaintiff, filed a letter objecting to "the ex parte communication by Counsel for US Bank National Association as Trustee for the RMAC Trust, Series 2016-CTT" to the Court.  (See ECF No. 12.)

On August 9, 2023, after Plaintiff failed to respond to Defendant's pre-motion conference request, the Court waived its pre-motion conference requirement and set the following briefing schedule for Defendant's motion to dismiss: "Defendant shall serve its opening brief by 9/8/2023; Plaintiff shall serve her opposition by 10/9/2023; Defendant shall serve its reply, if any, and file the fully-briefed motion, by 10/24/2023.  The parties are reminded to follow the Court's bundling rule as set forth in Individual Rule IV.G.2.  No courtesy copies are required.  Defendant shall serve a copy of this Order on Plaintiff and file proof of service by 8/11/2023." (Elec. Order dated August 9, 2023.)

On October 13, 2023, Defendant filed a letter with the Court that read as follows: "In accordance with [the Court's August 9, 2023] Order, Defendant served a copy of its motion to dismiss upon pro se plaintiff Alicia Christen ('Plaintiff') on August 25, 2023.  Plaintiff's opposition was to be served by October 9, 2023.  However, no opposition has been received by the

3

undersigned at the time of the instant filing.  As such, Defendant respectfully requests permission to file its motion to dismiss via ECF, without opposition." (ECF No. 24.)  That same day, the Court filed an electronic order directing Plaintiff "to file an opposition no later than October 25, 2023." (Elec. Order dated Oct. 13, 2023.)  Plaintiff was warned "that failure to file an opposition will result in Defendant's permission to file its motion to dismiss via ECF, without opposition." (Id.) Despite the Court's warning, Plaintiff never opposed Defendant's motion to dismiss.  So on October 30, 2023, Defendant moved to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (See ECF No. 25.)  To this day, Plaintiff has not opposed Defendant's motion.

## II.   DISCUSSION

### A.   Applicable Law

#### 1.   Motions to Dismiss Under Federal Rule of Civil Procedure 12(b)(1).

In discussing the relevant legal standards, the Court considers first its jurisdiction to hear the case.  Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a complaint for "lack of subject-matter jurisdiction." FED. R. CIV. P. 12(b)(1).  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Lyons v. Litton Loan Servicing LP, 158 F. Supp. 3d 211, 218 (S.D.N.Y. 2016) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)).

The Second Circuit has distinguished between two types of Rule 12(b)(1) motions: (i) facial motions and (ii) fact-based motions.  See Carter v. HealthPort Techs., LLC, 822 F.3d 47, 56–57 (2d Cir. 2016); see also Katz v. Donna Karan Co., 872 F.3d 114, 119 (2d Cir. 2017).  A facial Rule 12(b)(1) motion is one "based solely on the allegations of the complaint or the complaint and exhibits attached to it." Carter, 822 F.3d at 56.  A plaintiff opposing such a motion bears "no evidentiary burden." Id.  Instead, to resolve a facial Rule 12(b)(1) motion, a district court must

4

"determine whether [the complaint and its exhibits] allege[ ] facts that" establish subject matter jurisdiction.  Id. (quoting Amidax Trading Grp. v. S.W.I.F.T. SCRL, 671 F.3d 140, 145 (2d Cir. 2011) (per curiam)).  And to make that determination, a court must accept the complaint's allegations as true "and draw[ ] all reasonable inferences in favor of the plaintiff."  Id. at 57 (internal quotations and citation omitted).

"Alternatively, a defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the complaint and its exhibits."  Carter, 822 F.3d at 57; see also MMA Consultants 1, Inc. v. Rep. of Peru, 719 F. App'x 47, 49 (2d Cir. 2017) (defining fact-based Rule 12(b)(1) motion as one where "the defendant puts forward evidence to challenge the factual contentions underlying the plaintiff's assertion of subject-matter jurisdiction").  "In opposition to such a motion, [a plaintiff] must come forward with evidence of their own to controvert that presented by the defendant, or may instead rely on the allegations in the[ir p]leading if the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing."  Katz, 872 F.3d at 119 (internal citations and quotations omitted).  If a defendant supports his fact-based Rule 12(b)(1) motion with "material and controverted" "extrinsic evidence," a "district court will need to make findings of fact in aid of its decision as to" subject matter jurisdiction.  Carter, 822 F.3d at 57.  "It is only where 'jurisdictional facts are placed in dispute' that the court has the 'obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits.'"  Harty v. W. Point Realty, Inc., 28 F.4th 435, 442 (2d Cir. 2022) (quoting Tandon v. Captain's Cove Marina of Bridgeport, Inc., 752 F.3d 239, 243 (2d Cir. 2014)).  "When the extrinsic evidence submitted by the parties does not controvert the material allegations of the complaint, it is not error for the district court to base its ruling solely on the allegations of the complaint."  Id. at 441.

"In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction…. But '[w]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits.'" Tandon, 752 F.3d at 243 (citing APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003)); see also Robinson v. Gov't of Malaysia, 269 F.3d 133, 141 n.6 (2d Cir. 2001); Exch. Nat'l Bank of Chicago v. Touche Ross & Co., 544 F.2d 1126, 1130 (2d Cir. 1976); International Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998) (finding that "[a] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings" (internal quotations omitted)).

### 2.   Motions to Dismiss Under Federal Rule of Civil Procedure 12(b)(6).

Defendant argues—among other things—that Plaintiff's claims are inadequately pleaded. "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Allco Fin. Ltd. v. Klee, 861 F.3d 82, 94–95 (2d Cir. 2017) (quoting Iqbal, 556 U.S. at 678). "[A]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (internal quotations and citation omitted, and alterations adopted); see also Rolon v. Henneman, 517 F.3d

6

140, 149 (2d Cir. 2008) (explaining that a court need not accept "conclusory allegations or legal conclusions masquerading as factual conclusions") (internal citation omitted).

When—as here—the plaintiff is proceeding pro se, her complaint is "held to [a] less stringent standard[ ] than formal pleadings drafted by lawyers." Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (internal quotations omitted).  A district court must actively "interpret [her complaint] 'to raise the strongest arguments that [it] suggest[s].'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).  Unless it is "beyond doubt" that a pro se plaintiff may "prove no set of facts in support of [her] claim[s] which would entitle [her] to relief," her complaint should not be dismissed.  Thomas & Agnes Carvel Found. v. Carvel, 736 F. Supp. 2d 730, 756 (S.D.N.Y. 2010) (quoting Leibowitz v. Cornell Univ., 445 F.3d 586, 590 (2d Cir. 2006)).  "That said, the liberal pleading standard accorded to pro se litigants is not without limits, and all normal rules of pleading are not absolutely suspended." Hill v. City of N.Y., No. 13-cv-8901 (KPF), 2015 WL 246359, at *2 (S.D.N.Y. Jan. 20, 2015) (internal quotations and citation omitted).  A pro se plaintiff's factual allegations still must at least "be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

A court adjudicating a motion to dismiss under Rule 12(b)(6) "may review only a narrow universe of materials." Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016).  This narrow universe includes the "facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken." Id. (internal citation omitted and alternations adopted); see also United States ex rel. Foreman v. AECOM, 19 F.4th 85, 106 (2d Cir. 2021).  That said, the Court "may also look to public records, including complaints filed in state court, in deciding a motion to dismiss" under Rule 12(b)(6).  Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts, 369 F.3d 212, 217 (2d Cir. 2004); see also Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991) (holding

that courts may take judicial notice of public disclosure documents the filing of which is required by law).  "In the motion to dismiss context, however, a court should generally take judicial notice 'to determine what statements [the documents] contain[ ] ... not for the truth of the matters asserted.'"  Schubert v. City of Rye, 775 F. Supp. 2d 689, 698 (S.D.N.Y. 2011) (alterations in original) (quoting Kramer, 937 F.2d at 774).

## B.   Analysis

Defendant moves to dismiss Plaintiff's Complaint in its entirety.  Defendant argues that this Court lacks jurisdiction over Plaintiff's claims, requiring dismissal under Rule 12(b)(1).  In the alternative, Defendant argues that Plaintiff's claims should be dismissed under Rule 12(b)(6).  The Court addresses each argument seriatim.

### 1.   Motion to Dismiss for Lack of Jurisdiction under Rule 12(b)(1).

#### a)   *The* Rooker-Feldman *Doctrine.*

Under Rule 12(b)(1), Defendant argues that the Court lacks jurisdiction over Plaintiff's claims against it under the Rooker–Feldman doctrine.  (See Def. Mot. 5–7.)  Rooker v. Fidelity Tr. Co., 263 U.S. 413, 414–15 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983), "established the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments."  Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 84 (2d Cir. 2005).  The Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Sung Cho v. City of N.Y., 910 F.3d 639, 644 (2d Cir. 2018) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).  In other words, Rooker-Feldman applies only after state-court proceedings have "ended."  Exxon Mobil, 544 U.S. at 291.

"[W]hile keeping in mind the Supreme Court's warning that courts must avoid extending Rooker-Feldman beyond the narrow circumstances in which it properly applies," the Second Circuit has "articulated a four-part test" for determining whether the Rooker-Feldman doctrine controls in each case. Hunter v. McMahon, 75 F.4th 62, 68–69 (2d Cir. 2023). Under that test, a district court cannot exercise jurisdiction if: "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." Id. (citation omitted).

The second prong—that the injuries must have been "caused by a state court judgment"— "is the 'core requirement from which the other Rooker-Feldman requirements derive.'" Id. at 71 (quoting Sung Cho, 910 F.3d at 646). The Second Circuit has stressed that "Rooker-Feldman applies only when the plaintiff complains of injuries caused by a state court judgment." Id. (citation and internal quotations omitted). That is, under Rooker-Feldman, a district court cannot exercise jurisdiction over claims of injury stemming "from a state-court judgment, even if [the plaintiff] appears to complain only of a third party's actions, when th[ose] actions are produced by a state-court judgment." Id. (emphasis omitted). But "Rooker-Feldman does not bar claims based on an opponent's misconduct that precedes the state court proceeding … if the plaintiff['s] alleged injuries were merely ratified by the state-court judgment[ ] rather than caused by [it]." Id. (emphases omitted). Instead, in such cases, "the connection between the [relevant] state and federal cases" are governed by "the rules of preclusion, which are not jurisdictional."[2] Id. at 72.

Here, Plaintiff's Complaint does not appear to assert a cause of action against Defendant; rather, it appears to seek equitable recourse based on actions taken against Plaintiff and her property in the Foreclosure Action in state court. The Complaint seeks a "claim in equity for a fair

---

[2]  The Court considers the application of res judicata below. See Section II.B.2.a, infra.

accounting and to audit the unlawful actions of the holders" of an invalid mortgage.  (Compl. ¶ 29.)  Plaintiff provides no details as to why she believes the actions taken against her in state court were unlawful or inequitable, nor why she believes the mortgage at issue to be invalid.  Instead, Plaintiff generally alleges that Defendant and its predecessor took actions against her in the Foreclosure Action without "due process." (Compl. ¶¶ 1–3).  Liberally construed, Plaintiff's Complaint appears to assert claims for wrongful foreclosure and that the state Foreclosure Action was fraudulent in some regard.  (See Compl. ¶ 3 ("The state court and the attorneys at bar have continuously ignored and rejected filings and jurisdictional challenge as a threshold matter, and continue to move against the home of the Interpleader in her capacity of trustee, seeking to take her property as a prize without due process or proof of basis in the transaction."); see also Compl. ¶ 12 ("The state court and its officers continue to seek an award of a maritime prize under fraud and want of jurisdiction in direct violation of the law and constitutional limitations."); id. ¶ 21 ("This complaint is being filed after discovery of the newly discovered evidence of the Disputed Ownership Funds and Court Registry Investments and further actions by Plaintiff to take the property as a prize.").)  Under Rooker-Feldman, this Court lacks subject matter jurisdiction over some—but not all—of Plaintiff's liberally-construed claims against Defendant.  More specifically, the Court cannot exercise jurisdiction over Plaintiff's claims for wrongful foreclosure because all four of the Rooker-Feldman requirements are met with respect to that claim.  But Plaintiff's liberally construed claim for damages for fraudulent conduct allegedly related to or underlying the foreclosure proceedings survive the Rooker-Feldman bar.

Analysis of the four factors delineated above demonstrates why this is so.  First, Plaintiff lost in state court when Justice Hensley entered a judgment of foreclosure and sale against her on August 9, 2022.  See Foreclosure Action Docket, Docket Item 79; see also Hunter, 75 F.4th at 68 (first requirement).  Moreover, Plaintiff's liberally construed claim for wrongful foreclosure

effectively "complains of injuries caused by" that judgment of foreclosure and ask this Court to "review and reject[ ]" it.  Hunter, 75 F.4th at 68 (second and third requirements); see also Worthy-Pugh v. Deutsche Bank Nat'l Tr. Co., 664 F. App'x 20, 21 (2d Cir. 2016) (plaintiff's claims that state judgment of foreclosure was void, among others, was "barred by the Rooker-Feldman doctrine" because it "effectively request[ed] that the federal district court rule that the [state] judgment was void"); Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 427 (2d Cir. 2014) (Rooker-Feldman barred plaintiff's request that "the federal court ... grant him title to his property [on the grounds that] the foreclosure judgment was obtained fraudulently" because plaintiff was "asking the federal court to determine whether the state judgment was wrongfully issued"); Romaka v. H&R Block Mortg. Corp., 2018 WL 4783979, at *4 (E.D.N.Y. Sept. 30, 2018) (finding that plaintiff's wrongful foreclosure claim barred by Rooker-Feldman).

Finally, "the state judgment was rendered before the district court proceedings commenced."  Hunter, 75 F.4th at 68 (fourth requirement).  The judgment of foreclosure was entered on August 9, 2022.  (See Foreclosure Action Docket, Docket Item 79.)  On September 20, 2022, Plaintiff moved to vacate the judgment and foreclosure and sale because a notice of pendency was allegedly not validly on file at least 20 days prior to enter of the judgment.  (See Foreclosure Action Docket, Docket Items 82–92.)  On January 5, 2023, Justice Hensley denied Plaintiff's motion.  (See Foreclosure Action Docket, Docket Item 93), and Plaintiff did not appeal the judgment or Justice Hensley's decision within the 30 days allowed under New York State law.  See N.Y. C.P.L.R. § 5513 (setting time limits for appealing judgements); see also Foreclosure Action Docket.  Because Plaintiff did not commence this action until March 20, 2023—after her time to appeal expired—the state judgment was "rendered" for the purposes of Rooker-Feldman before the federal proceedings were initiated.  See Borrani v. Nationstar Mortg. LLC, 820 F. App'x 20, 22 (2d Cir. 2020) ("The state-court judgment of foreclosure was rendered before Borrani began

federal proceedings because she filed her federal complaint ... more than [30] days after the ... judgment of foreclosure and sale was entered."); see also Powell v. Ocwen Loan Servicing, LLC, 840 F. App'x 610, 612 (2d Cir. 2020) (finding that fourth Rooker-Feldman requirement met when plaintiffs' "time to appeal the judgment [of foreclosure] had passed"); cf. Hunter, 75 F.4th at 69–70 & n.9 (holding that "[i]f a federal-court plaintiff's state-court appeal remains pending when she files her federal suit, the state-court proceedings have not ended and Rooker-Feldman does not apply" (citing holdings in Borrani and Powell with approval)).

Thus, this Court cannot exercise jurisdiction over Plaintiff's liberally construed claims for wrongful foreclosure. But as noted above, Rooker-Feldman bars only claims that meet all four of the delineated requirements—and more specifically, "only when the plaintiff complains of injuries caused by a state court judgment," not about conduct that was the subject of the state litigation. Hunter, 75 F.4th at 71 (citation and internal quotations omitted). Indeed, the Second Circuit has held that although Rooker-Feldman bars federal courts from reviewing foreclosure judgments, it does not bar claims for damages for fraudulent conduct allegedly related to or underlying foreclosure proceedings. See Vossbrinck, 773 F.3d at 427 (holding that "[t]o the extent [the] pro se complaint can be liberally construed as asserting fraud claims that ... seek damages from [the d]efendants for injuries [the plaintiff] suffered from their alleged fraud, the adjudication of which does not require the federal court to sit in review of the state court judgment," those claims are not barred by Rooker-Feldman).

The Court therefore rejects Defendant's argument that Rooker-Feldman bars all of Plaintiff's claims.[3]

---

[3]     Plaintiff's fraud-based damages claim is admittedly ill-defined.  She asserts that "[t]he state court and its officers continue to seek an award of a maritime prize under fraud and want of jurisdiction in direct violation of the law and constitutional limitations" and makes a "claim in equity for a fair accounting and to audit the unlawful actions of the holders of an invalid security interest in her private sanctuary, seeking equity of all claimants that can establish clean hands with bona fide proof of claim."  (Compl. ¶¶ 12, 29.)  To the extent that Plaintiff seeks damages caused by

2.      **Motion to Dismiss under Rule 12(b)(6).**

Defendant asserts two arguments in support of its motion to dismiss under Rule 12(b)(6). First, Defendant argues that Plaintiff's claims are precluded by principles of res judicata.  (See Def. Mot. 7.)  Second, Defendant argues that Plaintiff fails to state a claim.  (See Def. Mot. 8.) The Court examines each of these arguments in turn.

a)      *Res Judicata.*[4]

Defendant argues that—even if Plaintiff's claims could survive Rooker-Feldman— dismissal is warranted under the doctrine of res judicata.  (See Def. Mot. 7.)  The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal district courts to "give the same preclusive effect to a state-court judgment as another court of that [s]tate would give [that judgment]."  Exxon Mobil Corp., 544 U.S. at 282 (internal citation omitted).  So here, under the doctrine of res judicata, New York preclusion law governs the preclusive effect this Court must afford to the judgment of foreclosure entered against Plaintiff in New York State Supreme Court.  See Buczek v. Seterus LLC, 2021 WL 2917684, at *4 (W.D.N.Y. Jul. 12, 2021) ("To determine the effect of a state court judgment, federal courts, including those sitting in diversity, are required to apply the preclusion law of the rendering state." (quoting Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 87 (2d Cir. 2000));

---

the state foreclosure judgment itself, those claims are barred by Rooker-Feldman.  See Ramnarine v. Johnson, 2019 WL 5309994, at *2 (E.D.N.Y. Oct. 21, 2019) (court lacked jurisdiction under Rooker-Feldman over plaintiff's claims that were based on defendants' bringing of a foreclosure action against him); Gifford v. United N. Mortg. Bankers, Ltd., 2019 WL 2912489, at *6 (S.D.N.Y. July 8, 2019) ("Although plaintiff claims her damages are for emotional distress and expenses incurred in defending the foreclosure action, such injuries, assuming they exist, were directly caused by the adverse judgment in the foreclosure action and, thus, are barred by the Rooker-Feldman doctrine." (alterations, citation, and internal quotations omitted).  But to the extent Plaintiff asserts a claim for damages based on the Defendant or its predecessor's allegedly fraudulent underlying conduct, it is not so barred and is further addressed below, see Section II.B.2.b, infra.

[4]      As an initial matter, the Court notes that "the doctrine of res judicata … in no way implicates jurisdiction." Thompson v. County of Franklin, 15 F.3d 245, 253 (2d Cir. 1994).  "Res judicata challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)."  Id. (citing 5A Wright & Miller § 1357, at 356 n.69; Southard v. Southard, 305 F.2d 730, 732 n.1 (2d Cir. 1962) (noting that a claim of res judicata is properly raised on a motion under Rule 12(b)(6)); Exchange Nat'l Bank v. Touche Ross & Co., 544 F.2d 1126, 1130–31 (2d Cir. 1976) (unlike dismissals under Rule 12(b)(6), dismissals for lack of subject matter jurisdiction are not on the merits and are not accorded res judicata effect)).

Yeiser v. GMAC Mortg. Corp., 535 F. Supp. 2d 413, 421 (S.D.N.Y. 2008) ("Because the prior decision was rendered by a New York state court, New York's res judicata … doctrine[ ] govern[s].").

New York takes a "transactional approach to the rule," so "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." Josey v. Goord, 9 N.Y.3d 386, 389–90 (2007) (citation and internal quotations omitted).  In other words, "[u]nder New York law, res judicata bars a claim where (1) the previous action involved an adjudication on the merits; (2) the previous action involved the same adverse parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Lorick v. Kilpatrick Townsend & Stockton LLP, 2021 WL 7906510, at *9 (E.D.N.Y. Aug. 20, 2021) (citations and internal quotations omitted), report and recommendation adopted, 2022 WL 1104849 (E.D.N.Y. Apr. 13, 2022); see Dekom v. Fannie Mae, 846 F. App'x 14, 19 (2d Cir. 2021); People ex rel. Spitzer v. Applied Card Sys., Inc., 11 N.Y.3d 105, 122 (2008).  "Pro se litigants are equally bound by the doctrine of res judicata." Romaka, 2018 WL 4783979, at *5.

The first res judicata requirement clearly is met here with respect to Defendant.  There is a previous adjudication: the judgment of foreclosure entered by the New York State Supreme Court, (see Foreclosure Action Docket, Docket Item 79), a "court of competent jurisdiction," see Borrani, 820 F. App'x at 22 (noting that to have preclusive effect, a prior judgment must be issued by "a court of competent jurisdiction"); Hansen v. Miller, 52 F.4th 96, 100 (2d Cir. 2022) (same).[5]  To the extent that judgment was obtained by Plaintiff's default, (see Foreclosure Action Docket, Docket Item 79), that does not mean that it was not "on the merits," Lorick, 2021 WL 7906510, at

---

[5]      Hansen describes the requirement that the judgment be entered "by a court of competent jurisdiction" as a separate requirement, so that there are four preconditions for the application of res judicata, rather than three.  52 F.4th at 100–01.  But with respect to the analysis here, that is a distinction without a difference.

*9. To the contrary, "[u]nder New York law, it is established that a decision granting a judgment of foreclosure and sale on default constitutes a decision on the merits." Council v. Better Homes Depot, Inc., 2006 WL 2376381, at *4 (E.D.N.Y. Aug. 16, 2006), adhered to on denial of reconsideration, 2007 WL 680768 (E.D.N.Y. Mar. 2, 2007); see also Niles v. Wilshire Inv. Grp., LLC, 859 F. Supp. 2d 308, 338-39 (E.D.N.Y. 2012) ("A judgment of foreclosure and sale obtained by default constitutes a decision on the merits.") (internal quotations and citation omitted); Dekom, 846 F. App'x at 19 (holding that "[a] foreclosure default judgment [wa]s a final judgment on the merits") (citing EDP Med. Computer Sys., Inc. v. United States, 480 F.3d 621, 626 (2d Cir. 2007)).

Moreover, Plaintiff's liberally construed claim that the state Foreclosure Action was fraudulent does not change the analysis. Indeed, in Dekom, the Second Circuit treated a default judgment of foreclosure as a "previous adjudication" for the purposes of its res judicata analysis even though the plaintiff claimed that the judgment had been obtained by fraud. Dekom, 846 F. App'x at 18–20. Here too, Plaintiff's liberally construed claim that the state Forfeiture Action was fraudulently brought and prosecuted rests on the same facts that Defendant and MTGLQ were obliged to show to secure foreclosure—i.e., that MTGLQ owned and Defendant serviced the mortgage on which Plaintiff defaulted, that they properly served Plaintiff, and that Plaintiff had been given proper notice of the inquest. See N.Y. C.P.L.R. § 3215(f) (requiring that plaintiff offer proof of entitlement to judgment before a default judgment will be granted); Smith v. Russell Sage Coll., 54 N.Y.2d 185, 192–93 (1981) (whether a factual grouping "constitutes a 'transaction' or 'series of transactions' depends on how the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether ... their treatment as a unit conforms to the parties' expectations or business understanding or usage" (internal quotations and citation omitted)).

But a prior judgment on the merits is not enough.  As already noted, "the previous action also must involve the same adverse parties or those in privity with them."  Lorick, 2021 WL 7906510, at *9 (alterations adopted).  Plaintiff, of course, is the plaintiff in this action and was a defendant in the Foreclosure Action.  (See generally Foreclosure Action Docket; see also U.S. Bank Trust Nat'l Association v. Christen, Alicia M., Case No. 623633/2017.)  And the Defendant in this action was one of the defendants in the Foreclosure Action.  See id., Docket Item 79, at 2 (ordering that "U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust be substituted as proper party Plaintiff in place and instead of MTGLQ Investors, L.P., and that all papers previously filed herein as well as the caption of this action be deemed amended accordingly"); see also Yeiser, 535 F. Supp. 2d at 423 (recognizing courts have found that "privity extends to parties 'who are successors to a property interest, those who control an action although [are] not formal parties to it, [and] those whose interests are represented by a party to the action'") (quoting Watts v. Swiss Bank Corp., 27 N.Y.2d 270, 277 (N.Y. 1970)).  So whether or not res judicata bars Plaintiff's claims against Defendant does not turn on privity here.

Third, and finally, the claims that Plaintiff presses here—however unartfully—are those that "were, or could have been, raised in the prior action."  Lorick, 2021 WL 7906510, at *9 (quoting Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc., 779 F.3d 102, 108 (2d Cir. 2015) (alterations and citation omitted)).  As already explained above, under New York law, the causes of action between two suits need not be the same for res judicata to apply.  Instead, the question is whether "the claims are based on the same set of facts."  Harris v. BNC Mortg., Inc., 737 F. App'x 573, 576 (2d Cir. 2018).  In Harris, "[b]oth the [federal] complaint" brought by the plaintiff and "the [state] foreclosure action involved allegations relating to the origin of [the plaintiff's] mortgage and its subsequent assignment."  Id.  The Second Circuit found that enough

16

to satisfy the third res judicata requirement.  See id.; see also Dekom, 846 F. App'x at 20 (third requirement satisfied in case in which plaintiff's "federal complaint allege[d] that the 2013 foreclosure action was fraudulently brought and prosecuted [against him]" because "[the plaintiff's] claim rest[ed] on the same [set of] facts that [the three defendants in the federal action had been] obliged to show to secure foreclosure" in the state action).  The Second Circuit's reasoning in Harris applies with equal force to Plaintiff's liberally construed claim for damages for fraudulent conduct allegedly related to or underlying the foreclosure proceedings.

In sum, to the extent Plaintiff's pro se complaint can be liberally construed as asserting fraud claims that are not barred by Rooker–Feldman—because they seek damages from Defendant for injuries suffered from its alleged fraud or that of its predecessor, the adjudication of which does not require the federal court to sit in review of the state court judgment—the Court nonetheless dismisses those claims as barred by the doctrine of res judicata.  See Vossbrinck, 773 F.3d at 427.

b)   *Failure to State a Claim.*

Defendant next argues that Plaintiff's Complaint fails to state a claim against it for any remaining causes of action.  (See Def. Mot. 8.)  Because the Court lacks subject matter jurisdiction over Plaintiff's liberally construed claim for wrongful foreclosure under Rooker-Feldman, and because res judicata precludes the Court from adjudicating her liberally construed damages claim for fraudulent conduct allegedly related to or underlying the foreclosure proceedings, the Court need not consider whether Plaintiff's claims should be dismissed twice over for failure to state a claim.  Even if the Court opted to construe the allegations in Plaintiff's Complaint with the utmost leniency, see Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013), Plaintiff's Complaint offers only "naked assertion[s]" without "further factual enhancement," which are insufficient to survive a motion to dismiss under Rule 12(b)(6).  Iqbal, 556 U.S. at 678 (alteration in original) (citing Twombly, 550 U.S. at 555, 557).

17

For example, Plaintiff generally alleges that Defendant and its predecessor took actions against her in the Foreclosure Action without "due process." (Compl. ¶¶ 1–3).  But it is wholly unclear what "actions" Plaintiff objects to, as her Complaint never once references any action taken by Defendant or its predecessor.  (See generally Compl.)  Such "naked assertion[s]" devoid of "further factual enhancement" are insufficient to state a claim.  Iqbal, 556 U.S. at 678.

Plaintiff further alleges that her "complaint is being filed after discovery of the newly discovered evidence of the Disputed Ownership Funds and Court Registry Investments and further actions by Plaintiff to take the property as a prize." (Compl. ¶ 21.)  As a result, Plaintiff requests a "declaratory judgment to satisfy the rights and equitable remedies of the parties until the disclosure and accounting of the Disputed Ownership Funds ('DOF'), CRIS, Securities and other investments held in the custody of the law or in the custody or possession of others undisclosed who are acting in breach of duty."  (Compl. ¶ 15.)  This allegation notwithstanding, Plaintiff demonstrates zero basis whatsoever—either in law or in fact—for Defendant's liability or for assignee liability for actions taken by Defendant's predecessor, MTGLQ.  (See generally Compl.)  So here too, Plaintiff's "naked assertion[s]" devoid of "further factual enhancement" are insufficient to state a claim under Rule 12(b)(6).  Iqbal, 556 U.S. at 678.

### 3.    Leave to Amend.

Lastly, Defendant argues that the Court should dismiss Plaintiff's Complaint with prejudice.  (See Def. Mot. 8.)  District courts generally grant a pro se plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. See Dollinger v. N.Y. State Ins. Fund, 726 F. App'x 828, 831 (2d Cir. 2018) ("[L]eave to amend can be denied if amendment would be futile."); see also Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [the pro se plaintiff's] causes of action is substantive; better pleading will not cure it.  Repleading would thus be futile.  Such a futile request to replead should

be denied."). Indeed, "[t]he Second Circuit has instructed courts not to dismiss a [pro se] complaint 'without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Howard v. Brown, No. 15-cv-09930 (ER), 2018 WL 3611986, at *6 (S.D.N.Y. July 26, 2018) (quoting Shabazz v. Bezio, 511 F. App'x 28, 31 (2d Cir. 2013)); see also Shomo, 579 F.3d at 183. An opportunity to replead is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." Cuoco, 222 F.3d at 112; see also Cortec Indus. Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") The "dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." Boykin, 521 F.3d at 216.

In an abundance of caution considering her pro se status, the Court will grant Plaintiff leave to file an amended complaint, in which she may attempt to plead a viable cause of action considering the alleged "discovery of … newly discovered evidence of the Disputed Ownership Funds and Court Registry Investments." (Compl. ¶ 21.) Plaintiff may file an amended complaint consistent with this Decision and Order **within 45 days of entry of this Order**. Plaintiff is not required to file an amended complaint—but if she fails to do so, this action will be dismissed under 28 U.S.C. § 1915(e)(2)(B). **The Court advises Plaintiff to limit her submission to no more than 20 pages.**

Plaintiff must provide a short and plain statement of the relevant facts supporting its claims against Defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

1. The names and titles of all relevant people or entities;

2. A description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

3. A description of the injuries Plaintiff suffered; and

4. The relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## III.    CONCLUSION

For the above reasons, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 25) and DISMISSES Pro Se Plaintiff's Complaint without prejudice.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above.  Plaintiff must submit the amended complaint to this Court's Pro Se Intake Office **within 45 days of the date of this Order**, caption the document as a "Amended Complaint," and label the document with docket number 23-cv-02122 (JMA) (SIL).  If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment in this case.

Should Plaintiff seek leave to appeal in forma pauperis ("IFP"), the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and

therefore IFP status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 25.  The Clerk of the Court is moreover directed to mail a copy of this Memorandum and Order to Pro Se Plaintiff at her address of record and file proof of service on the docket.

**SO ORDERED.**

Dated:   July 17, 2024
             Central Islip, New York

                                                           /s/ JMA
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE